UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>Plaintiff,<br><br>v.<br><br>FEDDAH DAOUD MURRAH dba KINGS RIVER MARKET and NICOLAS M. VELA,<br><br>Defendants. | No. 1:18-cv-01247-DAD-BAM<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 14) |

This matter is before the court on a Rule 12(b)(1) motion to dismiss plaintiff Jose Trujillo's complaint for lack of subject matter jurisdiction filed on behalf of defendant Feddah Daoud Murrah, doing business as Kings River Market, and defendant Nicolas M. Vela (collectively, "defendants"). (Doc. No. 14.) A hearing on the motion was held on April 16, 2019. Attorney Zachary Best appeared telephonically on behalf of plaintiff, and attorney Nicholas Aniotzbehere appeared telephonically on behalf of defendants. The court has considered the parties' briefs and the arguments presented at the hearing, and for the reasons set forth below, will deny defendants' motion to dismiss.

**BACKGROUND**

Plaintiff alleges that he is substantially limited in his ability to walk and relies on a wheelchair for mobility. (Doc. No. 1 ("Compl.") at ¶ 8.) Plaintiff lives near Kings River Market

1

(the "facility"), a business owned and operated by defendant Murrah.  (*Id.* at ¶ 10; *see also* Doc. No. 14-1 at 7.)  Defendant Vela owns the premises upon which the facility is located.  (Doc. No. 14-1 at 7.)  The facility "is open to the public, intended for non-residential use, and its operation affects commerce."  (Compl. at ¶ 9.)

Plaintiff alleges the following.  On or about June 23, 2017, plaintiff and his daughter visited the facility to buy snacks.  (*Id.* at ¶ 10.)  During this visit, plaintiff encountered several barriers that interfered with or denied him the ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  (*Id.*)  The complaint takes note of three alleged barriers:  (1) the designated accessible parking stall and its corresponding access aisle were excessively sloped, such that plaintiff was unable to exit his vehicle and his daughter had to go inside the facility instead; (2) his daughter reported to him that the aisles inside the facility were narrow, such that plaintiff would not have been able to move through the facility in his wheelchair had he been able to exit his vehicle and enter the facility; and (3) plaintiff noticed from his car that the transaction counter was too high, such that he would have had difficulty using the counter had he been able to exit his vehicle and enter the facility.  (*Id.*)  Plaintiff alleges that these barriers did, and continue to, deter him from visiting the facility because he knows that the facility's goods, services, privileges, and accommodations are not available to him due to his physical disability.  As a result, on September 12, 2018, plaintiff initiated this action, asserting causes of action for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Unruh Act, Cal. Civ. Code § 51 *et seq.*, the California Health and Safety Code, and the California Government Code.  (*Id.* at 4–8.)

On February 28, 2019, defendants moved to dismiss plaintiff's ADA claim on the ground that that the barriers alleged by plaintiff have now been "repaired, updated, or modified" to comply with federal law.  (Doc. No. 14-1 at 6.)  Because the only remedy plaintiff seeks with regard to his ADA claim is injunctive relief, and because defendants claim that each of the barriers alleged in the complaint have been remedied, defendants contend that "there is no 'real and immediate threat' or future threat [of harm] that must be resolved by the Court," and that the court should therefore dismiss plaintiff's ADA claim and decline to exercise supplemental

jurisdiction over his state law claims. (*Id.* at 11–12.) Plaintiff argues that the jurisdictional question at issue in the pending motion is closely intertwined with the merits of his ADA claim, and therefore contends that the question should not be resolved until he has been permitted to conduct discovery aimed at determining whether the facility is indeed in compliance with the ADA. (Doc. No. 16 at 15–17.) Plaintiff further objects that dismissal of his ADA claim is not warranted because defendants have not established that the alleged barriers have been remedied. (*Id.* at 10–12, 18–20.)

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may can move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When a defendant brings a Rule 12(b)(1) motion, the plaintiff has the burden of establishing subject matter jurisdiction." *Johnson v. Jacobs*, No. 2:14-cv-02323-JAM-EFB, 2015 WL 1607986, at *1 (E.D. Cal. Apr. 9, 2015) (citing *Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "If the moving party asserts a facial challenge, the court must assume that the factual allegations asserted in the complaint are true and must construe those allegations in the light most favorable to the plaintiff." *Jacobs*, 2015 WL 1607986, at *1. On the other hand, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment [and] . . . [t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

However, it has also been recognized that

> [j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and . . . are warranted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous. . . . [Moreover,] a [j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action. The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.

*Id.* at 1039 (citations and internal quotation marks omitted); *see also Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1094–95 (9th Cir. 2008). Thus, "[a] court may not resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citation and internal quotation marks omitted). "In such a case, the district court assumes the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record." *Id.* (citation and internal quotation marks omitted). If, after this threshold inquiry, "a district court cannot determine jurisdiction, . . . the court may assume jurisdiction and go on to determine the relevant jurisdictional facts on either a motion going to the merits or at trial." *Id.* at 1178 (citation and internal quotation marks omitted).

## ANALYSIS

The pending 12(b)(1) motion is a factual attack because defendants are disputing the truth of plaintiff's allegations. *See Safe Air*, 373 F.3d at 1039. Defendants argue that, because they believe they have cured the deficiencies identified in the complaint: (1) plaintiff no longer has standing to bring this lawsuit and (2) plaintiff's ADA claim is moot. (Doc. No. 14-1 at 6.) Defendants' arguments in this regard are unpersuasive.

**A.  Whether Plaintiff has Established Standing to Bring this Lawsuit.**

Defendants contend that plaintiff no longer has standing to bring this action because their remedial efforts have removed the barriers that form the basis of plaintiff's ADA claim. (*See id.*

4

at 8–11.) Defendants misunderstand the standing doctrine as it relates to ADA claimants. While it is true that "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation . . .[,] the Supreme Court has instructed [courts] to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation marks and citations omitted). Thus, a plaintiff need only demonstrate that "he has suffered an injury-in-fact, that the injury is traceable to the [defendants'] actions, and that the injury can be redressed by a favorable decision." *Id.* "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." *Id.* (citation and internal quotation marks omitted).

Here, plaintiff has alleged that he suffered an injury-in-fact traceable to defendants' conduct that can be redressed by a favorable decision from this court: He alleges that he encountered three barriers when he visited the facility that prevented him from using and enjoying the goods and services offered there and he has alleged that these barriers deterred his patronage of the facility. (Compl. at ¶¶ 10, 12); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008) ("Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III."). Moreover, plaintiff has established standing to pursue injunctive relief because he has alleged facts demonstrating a real and immediate threat of repeated injury in the future. Specifically, plaintiff has alleged that he "enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed." (Compl. at ¶ 12); *see also Chapman*, 631 F.3d at 948 ("[A]n ADA plaintiff demonstrates a sufficient likelihood of future harm to establish standing to sue for an injunction when he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury.") Plaintiff also

5

alleges that the architectural barriers he has complained about have deterred him from returning to the facility. *See Chapman*, 631 F.3d at 950 ("Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation.").

Accordingly, the court concludes that plaintiff has standing to bring the instant action. Defendants contention that their remedial efforts have cured the deficiencies plaintiff takes issue with is misplaced. Defendants' argument goes to whether plaintiff's ADA claim has been mooted as result of these alleged remedial efforts. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) ("The 'personal stake' aspect of mootness doctrine also serves primarily the purpose of assuring that federal courts are presented with disputes they are capable of resolving. One commentator has defined mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'") (quoting Henry P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 YALE. L.J. 1363, 1384 (1973)); *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1218 (S.D. Cal. 2007) ("While standing is established as of the filing of the suit, a claim may become moot even after filing if a litigant does not continue to have a personal stake in the outcome of the lawsuit that is likely to be redressed by a favorable decision."). Below, the court addresses whether it has been established that plaintiff's ADA claim has been rendered moot.

**B.     Whether Plaintiff's ADA Claim is Moot.**

Defendants rely on the decision in *Kohler v. In-N-Out Burgers* to argue that "[i]f a challenged condition has been remedied by the defendant, a plaintiff has received everything to which he would have been entitled under the ADA, and the claim is usually moot." No. CV 12-5054-GHK (JEMx), 2013 WL 5315443, at *7 (C.D. Cal. Sept. 12, 2013); (Doc. No. 14-1 at 11.) Defendants' reliance on *Kohler*, however, begs the critical question: Have the conditions challenged here been remedied? Moreover, *Kohler* is inapposite because the district court there was evaluating cross-motions for summary judgment, and the parties in that case had conducted discovery into whether the various alleged barriers were in fact in violation of the ADA. Here,

not only has plaintiff not been afforded the opportunity to conduct discovery as of yet, but plaintiff also disputes that the alleged barriers to access have been remedied.

In support of their contention that the challenged conditions have been remedied, defendants offer a Certified Access Specialist program ("CASp") report for the facility prepared by defendants' CASp engineer, David Horn. (*See* Doc. No. 14-2 at Ex. A.) According to that report, "[t]here were no non-compliant issues . . . found at th[e] facility on the date of the inspection." (*Id.* at 14.) Specifically, the report states that the parking lot, the accessible parking space, the retail aisles, the entrance door, the signage, and the sales counter all "Meet Applicable Standards." (*Id.* at 15–21.) In addition, defendants Murrah and Vela each offer their own declarations, stating that: (1) Horn was hired to inspect the property; (2) based on Horn's recommendations, changes or modifications were made to the premises "to bring them in full compliance with ADA requirements"; and (3) the premises are now "in full compliance and all potential ADA non-compliance issues identified by . . . Horn and any alleged violations have been remedied." (Doc. Nos. 14-2 at 1–2; 14-3 at 1–2.) Defendant Vela also declares that he is maintaining Horn's report as a business record and that he has asked Horn to inspect the facility at least once a year to ensure compliance with the ADA. (Doc. No. 14-3 at 2.)

Plaintiff objects both to the introduction of the CASp report in support of the pending motion to dismiss as well as to the conclusions defendants ask the court to draw from it, arguing that: (1) the first opportunity plaintiff had to review the report was after it was attached to the pending motion; (2) the report is hearsay because it is not accompanied by a sworn declaration from Horn adopting the truth of the matters asserted therein; (3) the report lacks proper foundation because Horn has not established that he is an expert; (4) the report offers inadmissible legal conclusions without any underlying factual support; and (5) even if the report is considered by the court, pictures included in the report demonstrate that the facility is still not in compliance with the ADA. (Doc. No. 16 at 9–12, 18.) Attached to plaintiff's opposition to the pending motion is a declaration from CASp specialist Michael Bluhm who declares that he has personally conducted over seven hundred inspections of public accommodations. (*See* Doc. No. 16-3.) After reviewing the report, Bluhm avers that "[t]he photo on page 11 of the report that

shows the accessible parking space has non-compliant markings" and that "there is an expansion joint running through the parking stall," although "it is difficult to say if the expansion joint violates the code without inspecting it." (*Id.* at 2.)

In their reply, defendants contend that the Bluhm declaration cannot be considered by the court because it is not based on personal knowledge. (Doc. No. 18 at 3.) Defendants also attach two additional declarations to their reply, one from Horn and an amended declaration from defendant Vela. Therein Horn states his qualifications, confirms the observations made in his CASp report, and declares that there are no gaps or openings in the parking stall or its access aisle and that the expansion joint is fully compliant with the ADA. (Doc. No. 18-2 at 2–3.) Defendant Vela states that the conditions challenged by Bluhm in his declaration are not in violation of the ADA. (Doc. No. 18-1.) Plaintiff objects to the introduction of both of these declarations, arguing that new evidence submitted by a moving party in their reply should not be considered by the court without first affording the opposing party an opportunity to respond. (Doc. No. 20 at 1.)

The court need not resolve this dispute nor the evidentiary objections to the other's evidence because the court concludes that defendants have failed to offer undisputed facts contradicting plaintiff's allegations. *See Johnson v. Hernandez,* 69 F. Supp. 3d 1030, 1034–35 (E.D. Cal. 2014) ("[T]here are no undisputed facts contradicting the allegations in Plaintiff's Complaint properly before the Court. Instead, Defendants offer only conclusory opinions of a purported expert that the alleged ADA violations have been 'resolved' and that Defendants' facilities are now 'compliant.' These conclusions are not supported by any objective evidence from which the Court may make its own determination that Defendants' expert is correct and that Plaintiff's ADA claim is moot as a result."); *Johnson v. Conrad*, No. 2:14-cv-00596-MCE-EFB, 2014 WL 6670054, at *3 (E.D. Cal. Nov. 24, 2014). Defendants do not dispute that whether the facility complies with the ADA "goes to the heart of Plaintiff's federal claim." *Johnson*, 2014 WL 6670054, at *3. Thus, the "jurisdictional inquiry and the merits are fundamentally intertwined" and it would not be proper for the court to review the pending motion under the typical Rule 12(b)(1) standards outlined above. *Id.; see also Johnson,* 69 F. Supp. 3d at 1034. "Instead, the Court assumes the facts alleged in the Complaint are true unless contradicted by any

8

undisputed facts in the record." *Johnson*, 2014 WL 6670054, at *3. Here, there are no undisputed facts contradicting the allegations in the complaint. The court finds that the CASp report—even if it were not subject to any evidentiary objection and even if Bluhm's review of the report is not considered—does not contradict the allegations in the complaint. The report merely concludes, in conclusory fashion, that the facility and alleged barriers "Meet[] Applicable Standards." However, "[t]hese conclusions are not supported by any objective evidence from which the Court may make its own determination that Defendants' expert is correct and that Plaintiff's ADA claim is moot as a result." *Johnson,* 69 F. Supp. 3d at 1034; *Johnson*, 2014 WL 6670054, at *4. Moreover, even if defendants had offered some facts to support the conclusions made in the CASp report, the court "would be disinclined to grant their Motion at this early stage in the litigation." *Id.* "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

The court concludes that converting the pending motion to one for summary judgment is premature as plaintiff has not been afforded the opportunity to conduct discovery. *See Johnson*, 69 F. Supp. 3d at 1035 (declining to convert a 12(b)(1) motion to dismiss to one for summary judgment where jurisdictional inquiry was fundamentally intertwined with the merits of plaintiff's claim and plaintiff had not yet conducted discovery); *Jacobs*, 2015 WL 1607986, at *3 (same); *Johnson*, 2014 WL 6670054, at *4 (same); *see also Hopson v. Plaza*, No. 2: 14-cv-02988-TLN-KJN, 2016 WL 1599477, at *4 (E.D. Cal. Apr. 21, 2016) (denying a 12(b)(1) motion to dismiss where it was disputed whether the measures taken by defendants had made their property ADA compliant).

**CONCLUSION**

Because "[c]ourts are understandably reluctant to declare a case moot based on the defendant's voluntary cessation of the challenged activity," *Am. Cargo Transp., Inc. v. United*

/////

/////

9

*States*, 625 F.3d 1176, 1179 (9th Cir. 2010) and for the other reasons set forth above, defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 14) is denied.[1]

IT IS SO ORDERED.

Dated: **April 18, 2019**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[1] Of course, defendants may raise the issue of mootness in a subsequent motion for summary judgment at the appropriate stage of this litigation.